Supreme Court—Leconey v. Koch.

---

WILLIAM G. LECONEY, PLAINTIFF-APPELLEE, v. CHRISTOPHER KOCH, DEFENDANT-APPELLANT.

Submitted March 13, 1925—Decided August 3, 1925.

Contracts—Admission of Evidence—Contract For Agent's Commission on Sale of Land—Contract Proved and Sale Made—Owner Offered to Show That Agent Interfered Rather Than Helped Sale—Offer Rejected and No Exception Taken—Offer Probably Competent but Court and Opposing Party Entitled to Have Here an Exception Taken.

On appeal from the Burlington County Circuit Court.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, James Mercer Davis.

For the appellee, Palmer & Powell.

PER CURIAM.

This was an action in the Burlington County Circuit Court to recover commissions on a written contract between the plaintiff, Leconey, and the defendant, Koch, which entitled plaintiff to three per cent. commissions in the event of a sale of real estate by "the agent or the owner." The plaintiff proved the contract and a sale of the property by the owner, the defendant in the case. The defendant offered to show that the plaintiff did nothing in pursuance of the agreement; that, on the other hand, he tried to discourage intending pur-

chasers. of the property from purchasing. This offer was overruled by the court, but no exception taken by the defendant to the ruling. The offer was probably competent and the proofs should have been received, inasmuch as the first duty of an agent is to exercise good faith toward his principal, and, failing this, to forfeit his right to compensation (2 *C. J.* 760; *Rogers* v. *Genung,* 76 *N. J. Eq.* 306), but it has·been repeatedly decided by the Court of Errors and Appeals that when rulings are invoked an offer or objection alone is not sufficient. It frequently happens in the trial of causes that, in the disposition of the many legal questions which arise in the reception and rejection of evidence, the action of the court is acquiesced in, and such is the presumption unless dissent therefrom is clearly manifest in the subsequent action of counsel. *Benz* v. *Central Railroad of N. J.,* 82 *N. J. L.* 198; *Kargman* v. *Carlo,* 85 *Id.* 635; *Baker* v. *Fogg & Hires Co.,* 95 *Id.* 230. As was said by Mr. Justice Trenchard, speaking for·the Court of Errors·and Appeals in the Kargman case, *supra,* "common sense and common fairness alike require that if counsel thinks the trial judge has fallen into legal error he should call attention to it at a time and in such a manner that the judge may know that his ruling is to be made a ground of. appeal, and thereby afford an opportunity to the judge to revise his ruling and to opposing counsel to modify his position so as to save error." In the present case, no exception having been taken to the refusal to admit the evidence, this action on the part of the judge cannot be here considered.

The only other ground of appeal is that the court erroneously directed a verdict for the plaintiff. There were no disputed facts in the case. The contract was admitted and the sale proven. This entitled the agent to his commission; and there was no other course open to the trial judge after the exclusion of the evidence intended to establish bad faith in the agent.

Finding no error properly raised, the judgment will be affirmed.